**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**In Re:**

**CHARLES A. SNOOKS**
**RHONDA L. SNOOKS**
    **Debtors,**    **CIVIL ACTION NO. 08-CV-14180-DT**

**MICHAEL A. STEVENSON,**
   **Plaintiff,**
  vs.      **DISTRICT JUDGE JOHN FEIKENS**

**POLYMERICA, LTD.,**   **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
   **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION:** Deny Polymerica Ltd.'s Motion for mandatory Withdrawal of Reference; deny without prejudice Polymerica Ltd.'s Motion for Withdrawal based on its right to jury trial.

**II. REPORT:**

  This matter comes before the Court on the motion of Defendant Polymerica Ltd., which does business as Global Enterprises, to Withdraw Reference of this action from the bankruptcy court. (Docket no. 1). The matter was fully briefed, and the Court held oral argument on the motion on December 10, 2008. This motion was referred to the undersigned for a Report and Recommendation. (Docket no. 7). Defendant's motion is now ready for ruling.

### A. Facts, Claims, and Procedural History

Charles and Rhonda Snooks are the debtors who filed Chapter 7 bankruptcy in 2005. In August 2008 the Chapter 7 trustee filed an adversary proceeding in the bankruptcy court against Polymerica Ltd. which does business as Global Enterprises. The trustee's Complaint seeks a declaratory judgment against Global that a patent is and was owned by the debtor Charles Snooks or, alternatively, that the estate, by virtue of the trustee bona fide purchaser status, received the benefit of the patent at the time of filing. Additionally, the trustee seeks royalties for the alleged use of the patent by Global. (Docket no. 3 at 2).

Global seeks to have this adversary proceeding heard in the district court rather than bankruptcy court. Global relies on 28 U.S.C. § 157(d) and argues that withdrawal of reference is required because the trustee's claims require consideration of both Title 11 (bankruptcy code) and other laws of the United States regulating organizations or activities affecting interstate commerce (primarily the patent laws). Alternatively, Global argues that withdrawal of reference is justified because Global has a right of jury trial on the trustee's claims and its defenses, and the bankruptcy court cannot conduct a jury trial because Global does not consent to jury trial in the bankruptcy court. (Docket no. 3 at 15-16).

The trustee seeks to have the proceeding remain in the bankruptcy court. He argues that the non-bankruptcy laws at issue in the case do not dominate or are not sufficiently "significant and material" to require mandatory withdrawal of reference. The trustee also argues that no jury trial right exists.

B.  **Governing Law**

Title 28, U.S.C., § 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

C.  **Analysis**

1.  **Mandatory Withdrawal**

Defendant Global relies on the mandatory withdrawal provision of section 157(d) to argue that because resolution of this proceeding will require consideration of both bankruptcy law and non-bankruptcy law, the action should be heard in the district court rather than bankruptcy court. (Docket no. 3 at 3). There is a split of authority as to how the mandatory withdrawal provision should be construed. Neither the Sixth Circuit nor the Supreme Court has decided the issue, and there are conflicting cases in this district.

The majority of courts, and the latest decision from this district, hold that to qualify for mandatory withdrawal the moving party must show that "substantial and material consideration" of non-bankruptcy law will be required in the proceeding. *See In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996) (mandatory withdrawal required only when issues require interpretation, as opposed to mere application, of non-title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law). The latest decision from this district adopts a similar approach: *In re Anderson*, 395 B.R. 7 (E.D. Mich. Sept. 22, 2008) (rejecting mandatory withdrawal because moving party had not established that the bankruptcy court

would have to make a "significant interpretation" of non-title 11 statutes and approving the "substantial and material" consideration standard). This is the standard that the trustee argues should be applied.

Defendant Global, on the other hand, argues for a less strict standard exemplified by *In re Kiefer*, 276 B.R. 196 (E.D. Mich. Apr. 17, 2002). In *Kiefer* Judge Gadola granted the motion to withdraw reference and rejected the "substantial and material consideration" construction of the statute. The *Kiefer* court found that if "resolution of this case requires at least some consideration of a federal law outside of Title 11," withdrawal is mandatory. (*Id*. at 199).

The "substantial and material consideration" standard is the one adopted by the latest court in this district to consider the question. This standard is also the one gaining most acceptance by courts of late. Therefore, this Court will follow this standard.

Once this decision is made the outcome of Global's motion is straightforward because it does not argue that it meets the "substantial and material consideration" standard. Its argument is geared toward showing that "some consideration" will be necessary of non-bankruptcy law. (Docket no. 3 at 16-18). Global fails to show that non-bankruptcy law issues will require substantial and material consideration.

Global also relies on *MQVP, Inc. v. Keystone Automotive Indus.*, 2007 WL 485226 (E.D. Mich. Feb. 7, 2007). In that case both parties requested the withdrawal of reference, and the court exercised its discretion to grant the withdrawal. That case is distinguishable because it was decided under the discretionary portion of section 157(d) and not the mandatory portion of the statute. In addition, both parties agreed to the withdrawal. Therefore, even though the issues involved intellectual property as in the instant case, it is not persuasive authority for withdrawing reference

under the mandatory portion of section 157(d). Defendant Global's motion based on the mandatory portion of section 157(d) should therefore be denied.

## 2. Withdrawal Based on Right to Jury Trial

Defendant Global makes a convincing argument that it has a right to jury trial on the patent issues that will be involved in the adversary proceeding. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 377 (1996) ("there is no dispute that infringement cases today must be tried to a jury"). Also, it is clear that the bankruptcy court could not conduct a jury trial without consent, and Global does not consent. 28 U.S.C. § 157(e) (bankruptcy judge may conduct jury trial if specially designated to do so by district court and with express consent of parties); *In re Solar Stamping & Mfg.,* 2008 WL 4239146 (E.D. Mich. Sept. 10, 2008) (bankruptcy court cannot under law of this circuit conduct jury trial without consent of all parties). Global argues that it has not filed a proof of claim in the bankruptcy action, and the trustee has not shown otherwise. Filing of a proof of claim would likely serve as a waiver of its right to a jury trial. *Langenkamp v. Culp*, 498 U.S. 42 (1990). Global therefore likely has a right to a jury trial. The trustee fails to support its contention that Defendants have no right to jury trial.

Even though Global makes these showings, however, Judge Rosen in *In re Solar Stamping* states that the better and normal practice in this district is to deny without prejudice a motion for withdrawal of reference made early in the case so that the bankruptcy court may manage the pre-trial phase of the litigation. The matter of withdrawal may then be revisited "if and when the case is ready for trial." *In re Solar Stamping*, 2008 WL 4239146 at *2. Judge Rosen recognized that the bankruptcy rules require a party to make the motion for withdrawal concurrently with the filing of the jury demand, but reasoned that the party is protected by having filed the motion and that

dismissing without prejudice the motion for withdrawal of reference would not result in a waiver by the moving party. The present motion was made one month after the trustee filed the adversary proceeding. Global's motion is therefore a premature motion under the reasoning of *In re Solar Stamping*. This Court will follow the normal practice in this district and recommend that Global's Motion to Withdraw Reference be denied without prejudice.[1]

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

---

[1] The trustee submitted a supplement to its Response showing that the bankruptcy court denied Defendant's motion for summary judgment and concluded that Defendant Polymerica Ltd "is not the legal owner of the patent at issue." (Docket no. 11). This decision does not change this Court's recommendation to deny Defendant's motion without prejudice based on its right to jury trial.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 11, 2008         s/ Mona K. Majzoub_____
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


# PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: December 11, 2008         s/ Lisa C. Bartlett
                                 Courtroom Deputy